UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

JOSHUA CASMIR JACKSON, )
)
Plaintiff, )
) Case No. 4:15-CV-106 JD
v. )
)
INDIANA DEPARTMENT OF CORRECTIONS, *et al.*, )
)
Defendants. )

OPINION AND ORDER

Joshua Casmir Jackson, a *pro se* prisoner, filed a complaint alleging that Officer Cunningham hit him in the face on May 25, 2015, at the Miami Correctional Facility. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint.

Jackson alleges that Officer Cunningham became upset while searching his cell. Jackson explains that after Officer Cunningham confiscated his pillow, he asked for a replacement pillow and a confiscation slip. "Officer Cunningham then thrust the pillow in my face with malicious intent to were [sic] my head jerk back. (We both was positively sure and judge that it was heavy.)" DE 1 at 3.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately

turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Nevertheless, "

> Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.

*Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (citations and quotation marks omitted).

Though Jackson alleges that Officer Cunningham acted maliciously, that the pillow was heavy, and that his head "jerked" back, he makes no mention as to any physical injury that he suffered. Though hitting him in the face with a pillow would not be justified under the circumstances he describes, neither is it repugnant to the conscience of mankind. These factual allegations do not plausibly allege more than a *de minimis* use of force and a *de minimis* injury. As such, this complaint does not state a claim.

Nevertheless, there may be facts about how he was hit and the injury he suffered which were not included in this complaint. If so, then Jackson may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he files an amended complaint, he needs to explain why this was more than a *de minimis* event, what injury he suffered, and what medical care he received.

For these reasons, the court:

(1) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint 42 U.S.C. § 1983 form and send it to Joshua Casmir Jackson;

(2) **GRANTS** Joshua Casmir Jackson until January 14, 2016, to file an amended complaint; and

(3) **CAUTIONS** Joshua Casmir Jackson that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED.

ENTERED: December 21, 2015

          /s/ JON E. DEGUILIO  
Judge  
United States District Court