UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JOSHUA CASMIR JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:15-CV-106 JD |
| v. ) | |
| ) | |
| INDIANA DEPARTMENT OF CORRECTIONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

Joshua Casmir Jackson, a *pro se* prisoner, began this case by filing a complaint (DE 1) which was screened pursuant to 28 U.S.C. § 1915A. In the screening order (DE 7), the court found that the original complaint did not state a claim, but granted Jackson leave to file an amended complaint. He has now filed an amended complaint (DE 15), but it is not significantly different and does not state a claim either.

Jackson alleges that Officer Cunningham hit him in the face on May 25, 2015, at the Miami Correctional Facility. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint.

Jackson alleges that Officer Cunningham searched his cell and confiscated his pillow. He alleges when he asked for a replacement pillow and a confiscation slip, "Officer Cunningham became frustrated of what I asked of him and then thrust, with using force as throwing the [pillow] at my face with wrongful intent in act of causing harm." (DE 15 at 2). In the prior order (DE 7), the

court noted that Jackson had not alleged any physical injury and explained that throwing the pillow at his face was nothing more than a *de minimis* use of force which did not state a claim. In the amended complaint, Jackson still has no allegation that he suffered any physical injury.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Nevertheless,

> Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.

*Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (citations and quotation marks omitted).

Based on these allegations, Officer Cunningham should not have hit Jackson in the face with the pillow. However, doing so was not repugnant to the conscience of mankind. The factual allegations in the amended complaint do not plausibly allege more than a *de minimis* use of force. As such, the amended complaint does not state a claim.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A because the amended complaint does not state a claim.

SO ORDERED.

ENTERED: January 20, 2016

                                                          /s/ JON E. DEGUILIO
                                        Judge
                                        United States District Court